UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS VALENTIN, individually and on behalf of all other persons similarly situated who were formerly or are presently employed by WHOLESOME GOURMET MARKET, INC. and/or any other entities affiliated with or controlled by WHOLESOME GOURMET MARKET, INC., <br><br> Plaintiffs, <br><br> - against – <br><br> WHOLESOME GOURMET MARKET, INC. and/or any other entities affiliated with or controlled by WHOLESOME GOURMET MARTKET, INC., <br><br> Defendants. | **COMPLAINT** <br><br> **Jury Trial Demanded** <br><br> Docket No: |

The Named Plaintiff, by his attorneys, Virginia and Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 207 and 216(b), New York Labor Law ("NYLL") §§ 663, 195, 198, and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid overtime compensation owed to DOUGLAS VALENTIN ("Named Plaintiff"), and all similarly situated persons who were formerly or are presently employed by WHOLESOME GOURMET MARKET, INC. ("Defendant").

2. At all times relevant to this litigation, Defendant has engaged in a policy and practice of requiring the Named Plaintiff and members of the putative class and collective to regularly work over forty (40) hours in a week without paying them overtime wages at a rate of one and one-half times their regular hourly wage.

1

3. At all times relevant to this litigation, Defendant has engaged in a policy and practice of failing to provide the Named Plaintiff and members of the putative class and collective statutorily required wage notices and wage statements pursuant to New York Labor Law §§ 195 and 198.

4. The Named Plaintiff has initiated this action on his own behalf, and on behalf of all similarly situated employees, seeking overtime compensation that he and all similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs, and statutory damages.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

6. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

7. The statute of limitations under the NYLL is six (6) years. *See* New York Labor Law § 198(3).

## VENUE

8. Venue for this action in the Eastern District of New York is appropriate under 28 U.S.C. § 1391(b) as this action is brought in a judicial district in the Defendant resides.

## THE PARTIES

9. Named Plaintiff DOUGLAS VALENTIN resides in the State of New York and was employed by Defendant from approximately August 2016 to September 2016 as a sandwich preparer and deli worker.

10. Defendant WHOLESOME GOURMET MARKET, INC., is a domestic corporation incorporated under the laws of the State of New York with its principal place of business at 534 Flatbush Avenue, Brooklyn, New York, 11225.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

11. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

12. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendant as sandwich preparers and deli workers.

13. Named Plaintiff and members of the putative class and collective are all victims of the Defendant's common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week, pursuant to 29 U.S.C. § 207.

14. Named Plaintiff and members of the putative class and collective are all victims of the Defendant's common policy and/or plan to violate the NYLL by failing to provide wage notices and wage statements, pursuant to NYLL§§ 195-1 and 195-3.

15. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

16. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendant failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week and (2) whether the Defendant failed to provide wage notices and wage statements.

17. The claims of the Named Plaintiff are typical of the claims of the putative class members. The Named Plaintiff, like all members of the putative class, was subject to Defendant's policies and willful practice of refusing to pay employees overtime compensation and failing provide wage notices and wage statements. The Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendant's actions.

18. Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

20. Named Plaintiff Douglas Valentin was employed by Defendant as sandwich preparer and deli worker from approximately August 2016 to September 2016.

21. During his first wee, Valentin worked from 10:00 a.m. to 7:00 p.m., seven days per week.

22. Following his first week, his schedule was changed to 3:00 p.m. to 2:00 a.m., Tuesday through Sunday.

23. During Valentin's employment with Defendant, Valentin was paid at an hourly rate of $10.00.

4

24. Valentin did not receive overtime compensation at the rate of one-and-one-half times his regular rate of pay for the time he worked after the first forty (40) hours in any given week.

25. When Valentin was hired by Defendant, he was not provided with any notification whatsoever indicating whether his regular or overtime rate of pay.

26. During Valentin's employment with Defendant, Valentin was not provided with any wage statements that reflected the hours he worked, the amount he was being paid, or his regular or overtime rates of pay.

27. Defendant maintains a policy and practice of not compensating its employees at one-and-one-half times their regular hourly wage whenever they work more than forty (40) hours in a given week.

28. Valentin's co-workers also regularly worked over 40 hours in a week.

29. Like Valentin, Valentin's co-workers also did not receive one and one half times their regular rates of pay when they worked over 40 hours in a week.

30. Defendant maintains a policy and practice of not providing its employees the statutorily required wage statements and wage notices.

31. Valentin's co-workers, like Valentin, also were not provided with wage notifications at the time of hire or wage did not receive wage statements or wage notices.

32. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.

33. Upon information and belief, Defendant is engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

5

## FIRST CAUSE OF ACTION
## <u>FLSA OVERTIME WAGES</u>

34. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

35. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

36. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

37. Defendant constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

38. Named Plaintiff and other members of the putative collective are employees, within the meaning contemplated in in the FLSA, 29 U.S.C. §203(e).

39. Defendant failed to pay Named Plaintiff and upon information and belief other members of the putative collective overtime wages earned for the time they worked for Defendant after the first forty (40) hours in any given week.

40. The failure of Defendant to pay Named Plaintiff and members of the putative collective their rightfully owed wages was willful.

41. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

42. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

43. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

44. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

45. Defendant is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

46. Named Plaintiff and members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

47. Named Plaintiff and members of the putative class worked more than forty (40) hours a week while working for Defendant.

48. Named Plaintiff and members of the putative class did not receive overtime compensation for hours worked after the first forty (40) hours in a week.

7

49. Upon information and belief, Defendant's failure to pay overtime compensation for work performed by Named Plaintiff and members of the putative class after the first forty hours worked in a week was willful.

50. By the foregoing reasons, Defendant has violated New York Labor Law § 663 and 12 NYCRR § 142-2.2, and is liable to Named Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK § 195(1) WAGE NOTICE VIOLATION

51. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

52. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

53. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

54. At the time of hire, Defendant did not provide Named Plaintiff or members of the putative class with a wage notification informing Plaintiffs of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendant.

55. Defendant violated NYLL § 195(1) by failing to provide Named Plaintiff and members of the putative class with wage notifications containing the information required by NYLL § 195, *et seq.*

56. The failure of Defendant to provide Named Plaintiff and members of the putative class with wage notifications in violation of NYLL § 195 was willful.

57. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the putative class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

## FOURTH CAUSE OF ACTION
## NEW YORK § 195(3) WAGE STATEMENT VIOLATION

58. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

59. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

60. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

61. Named Plaintiff and members of the putative class did not receive any wage statements from the Defendant.

62. Defendant violated NYLL § 195(3) by failing to provide Named Plaintiff and members of the putative class with wage statements containing the information required by NYLL § 195(3).

63. The failure of Defendant to provide Named Plaintiff and members of the putative class with wage statements in violation of NYLL § 195 was willful.

64. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**WHEREFORE**, Plaintiffs demand judgment:

1. on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

2. on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

3. on their third cause of action against Defendants, Named Plaintiff and members of the putative class and collective seek $5,000.00 each, plus attorneys' fees and costs;

4. on their fourth cause of action against Defendants, Named Plaintiff and members of the putative class and collective seek $5,000.00 each, plus attorneys' fees and costs; and

5. any other relief the Court may deem just and proper.

Dated: New York, New York
December 1, 2016

VIRGINIA & AMBINDER, LLP

By: /s/
Jack Newhouse, Esq.

10

          Lloyd Ambinder, Esq.
          Virginia & Ambinder, LLP
          40 Broad Street, 7th Floor
          New York, New York 10004
          (212) 943-9080
          *Attorneys for the Named Plaintiff*
          *and putative class and collective*